**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER PARNELL,** on behalf of himself and others similarly-situated, | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. CIV-20-237-JD** |
| **PINNACLE PIZZA, INC. d/b/a Domino's Pizza, PINNACLE PIZZA CORPORATION d/b/a Domino's Pizza, JAY FEAVEL,** individually, and **STEVE DOLAN,** individually | § § § § § § | **Jury Demanded** |
| **Defendants.** | § | |

## PLANITIFF'S ORIGINAL COMPLAINT

Plaintiff Christopher Parnell ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Complaint against Defendants Pinnacle Pizza, Inc., Pinnacle Pizza Corporation, Jay Feavel, and Steve Dolan (collectively, "Defendants") and alleges as follows:

1. Defendants operate several Domino's Pizza franchise stores. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks (nominal wages – unreimbursed vehicle costs = subminimum net wages).

2. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq.* to recover unpaid minimum wages and overtime hours owed to himself and similarly situated delivery drivers employed by Defendants at their Domino's stores.

**Jurisdiction and Venue**

3.    The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4.    Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants employed Plaintiff in this District, Defendants operate Domino's franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

**Parties**

5.    Defendant Pinnacle Pizza, Inc. d/b/a Domino's Pizza ("Defendant Pinnacle Inc.") is authorized to conduct business and is conducting business in the State of Oklahoma with its main corporate headquarters located at 14338 W 56th Way, Arvada, Colorado 80002. Defendant Pinnacle Pizza, Inc. d/b/a Domino's Pizza may be served via its registered agent Jay B. Feavel at 4843 SE 44th Street, Del City, Oklahoma 73115, or wherever he may be found.

6.    Defendant Pinnacle Pizza Corporation d/b/a Domino's Pizza ("Defendant Pinnacle Corp.") is a Colorado corporation which may be served via its registered agent David Romero at 1535 S Kipling Parkway, Suite G-1, Lakewood, CO 80232, or wherever he may be found.

7.    Defendant Steve Dolan ("Defendant Dolan") is individually liable because, during the relevant times, he was an owner of substantial interests in Defendants Pinnacle Inc. & Pinnacle Corp., served as officer of these entities, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as he held the power to hire and fire, supervised and controlled

work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records. Defendant Dolan may be served at 14338 W 56th Way Arvada, Colorado 80002, or wherever he may be found.

8.    Defendant Jay Feavel ("Defendant Feavel") is individually liable because, during the relevant times, he was an owner of substantial interests in Defendants Pinnacle Inc. & Pinnacle Corp., served as officer of these entities, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as he held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records. Defendant Feavel may be served at 4843 SE 44th Street, Del City, Oklahoma 73115, or wherever he may be found.

9.    Plaintiff was employed by Defendants from approximately January 2016 to approximately May 2019 as a delivery driver at Defendants' Domino's store located 1337 E W State Highway 152 Suite 119, Mustang, Oklahoma 73064, which is located within this District. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "Exhibit 1."

## General Allegations

### *Defendants' Business*

10.   Defendants own and operate several Domino's franchise stores, including stores within this District and this Division.

11.   Defendants' Domino's stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Flawed Automobile Reimbursement Policy*

12.   Defendants require their delivery drivers to maintain and pay for safe, legally-operable and insured automobiles when delivering pizza and other food items.

13.   Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses (collectively "automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

14.   Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the per-delivery reimbursement equates to rates substantially below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

15.   The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses. During the applicable FLSA limitations period, the IRS standard business mileage reimbursement rate ranged between $.545 and $.58 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.532 and $.571 per mile between 2016 and 2018 for drivers who drive a sedan 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

16.   The driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the

average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

17.   Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

18.   Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

19.   Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

20.   In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### *Defendants' Failure to Reasonably Reimburse Automobile*
### *Expenses Causes Minimum Wage Violations*

21.   Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

22.   Defendants paid Plaintiff below minimum wage, as low as $5.15 per hour, and relied on a tip credit to attempt to comply with minimum wage when he performed deliveries.

23.   The federal minimum wage has been $7.25 per hour since July 24, 2009.

24.   During the time Plaintiff worked for Defendants as a delivery driver, he has been reimbursed on a per delivery basis of as low as $1.65 cents per delivery.

25.   Plaintiff's typical round-trip delivery distance is approximately 8 miles.

26.   Thus, Defendants have reimbursed Plaintiff at a per mile rate as low as $.206 per mile ($1.65 per delivery / 8 average miles = $.206 per mile).

27.   During Plaintiff's employment, the IRS business mileage reimbursement rate has ranged between $.545 and $.58 per mile, which reasonably approximates the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased Plaintiff's net wages by approximately $.34 ($.545 - $.206).

28.   During Plaintiff's employment by Defendants, Plaintiff has averaged about 2 deliveries per hour worked, or about 16 miles driven per hour worked.

29.   Thus, every hour on the job decreased Plaintiff's net wages by approximately $5.44 ($.34 per mile x 16 miles per hour = $5.44 deficiency per hour), resulting in a net hourly wage rate well below the federal minimum wage of $7.25 per hour.

30.   All of Defendants' delivery drivers had similar experiences to those of Plaintiff as they were subject to the same reimbursement policy, received similar reimbursements, incurred similar automobile expenses, completed deliveries of similar distances and at similar frequencies, and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

31.   Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum

wage violations.

32.    While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their Domino's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

33.    Defendants' low reimbursement rates were a frequent complaint of Defendants' delivery drivers, which resulted in discussions with management, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

34.    The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoys ill-gained profits at the expense of their employees.

### Collective Action Allegations

35.    Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

36.    The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

37.    Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

38.    Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendants;

g. They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per delivery; and,

i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

**Count I: Violation of the Fair Labor Standards Act of 1938**

39. Plaintiff reasserts and re-alleges the allegations set forth above.

40. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for

commerce. 29 U.S.C. §206(a).

41.   Defendants are subject to the FLSA's minimum wage requirements because Pinnacle Pizza, Inc. d/b/a Domino's Pizza is an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

42.   At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

43.   Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

44.   Under Section 6 of the FLSA, 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

45.   As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

46.   Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

47.   Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

48.   Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

49.   Plaintiff and all similarly situated employees are entitled to damages equal to the minimum

wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

50.   Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

51.   As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Putative Plaintiffs collectively pray that this Honorable Court:

1.   Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiff as representative of all those similarly situated under the FLSA collective action;

2.   Award Plaintiff and the Putative Plaintiffs actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the class as provided by the FLSA, U.S.C. § 216(b);

3.   Award Plaintiff and the Putative Plaintiffs pre- and post-judgment interest at the statutory rate

as provided by the FLSA, U.S.C. § 216(b);

4.    Award Plaintiff and the Putative Plaintiffs attorneys' fees, costs, and disbursements as provided by the FLSA, 29 U.S.C. § 216(b); and

5.    Award Plaintiff and the Putative Plaintiffs further legal and equitable relief as this Court deems necessary, just, and proper.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**FORESTER HAYNIE PLLC**

*/s/ Meredith Mathews*
**Meredith Mathews**
Texas Bar No. 24055180
**Matthew Haynie**
Texas Bar No. 24087692
400 N. St Paul St. Suite #700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
mmathews@foresterhaynie.com
matthew@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

Service will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

*/s/ Meredith Mathews*
**Meredith Mathews**